UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
LORNA ORABONA,                      )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )    C.A. No. 1:23-CV-00299-MSM-PAS
                                    )
SANTANDER BANK, N.A.,               )
                                    )
         Defendant.                 )
_____ )

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the defendant, Santander Bank, N.A.'s ("Santander"), Motion to Dismiss the plaintiff, Lorna Orabona's, First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or grant summary judgment in its favor, pursuant to Fed. R. Civ. P. 56, on the grounds that Ms. Orabona's claims in this employment dispute are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (ECF No. 22.) In addition, Ms. Orabona has filed a Motion to Strike an exhibit from Santander's dispositive Motion (ECF No. 29) and has filed a Motion to Amend her First Amended Complaint (ECF No. 30).

For the following reasons, the Court GRANTS Santander's Motion and DENIES Ms. Orabona's Motions.

## I.    BACKGROUND

The following facts are those that are relevant to the ultimate disposition of the pending Motions and are derived from the plaintiff's First Amended Complaint

1

(ECF No. 20), unless otherwise noted.  The plaintiff, Lorna Orabona, began working as a Mortgage Development Officer ("MDO") for Sovereign Bank in May 2008.  (ECF No. 20 ¶ 7.)  She became an employee of the defendant, Santander, when it purchased Sovereign Bank in 2013.  *Id.* ¶ 9.

On January 18, 2022, Ms. Orabona advised her supervisor that she had received an employment offer from Citizens Bank ("Citizens").  *Id.* ¶ 27.  She further told her supervisor that she was "still considering staying at Santander and wanted to re-negotiate her salary" and was advised by two supervisors that they would "get back to her to work something out."  *Id.*  Yet, Ms. Orabona's registration to the Nationwide Multistate Licensing System indicates that she began employment with Citizens on January 18, 2022, though she alleges that she did not actually start working for Citizens on that date; the entry was made so that she could have immediate health care coverage.  *Id.* ¶ 47.

On January 21, 2022, Santander Human Resources notified Ms. Orabona that it was terminating her employment for forwarding company emails to her private email address.  *Id.* ¶ 28.  (Ms. Orabona asserts that this was an email practice developed during the COVID-19 pandemic and that, in any event, the emails were pre-approvals for client referrals that were encrypted and "did not contain any personal information."  *Id.* ¶ 29.)

On February 1, 2022, Santander announced national layoffs which would have included Ms. Orabona's department and position.  *Id.* ¶ 40.  The affected employees were notified that they were entitled to receive a severance payment.  *Id.* ¶ 42.  Ms.

Orabona asserts, however, that Santander "fraudulently advised [her] that she was terminated for cause and concealed the planned large-scal[e] layoff to deprive her of any eligibility of benefits, including but not limited to, severance." *Id.* ¶ 48.

Santander maintains a Severance Enterprise Policy (the "Plan") that provides the requirements and standards by which Santander will administer severance benefits as well as the claims and appeals process. (ECF No. 24-1.)

Ms. Orabona filed suit against Santander in Rhode Island Superior Court asserting claims under state law. Santander removed the matter to this Court on the grounds of diversity jurisdiction, 28 U.S.C. § 1332.

Previously in this litigation, Santander filed a motion to dismiss arguing that Ms. Orabona's Complaint failed to state a claim upon which relief could be granted or alternatively that her claims were preempted by ERISA. To support the latter argument, Santander attached the Plan as an exhibit and asserted it was an ERISA plan. Ms. Orabona, however, disputed the authenticity and accuracy of the Plan exhibit and requested "discovery to inquire more into the applicable terms of the Plan and to properly determine whether this Plan is truly one that would be considered an ERISA plan." (ECF No. 7-1 at 18.) Because ERISA preemption is a threshold and potentially dispositive issue, the Court granted this request, denied the motion to dismiss without prejudice, and allowed the parties to conduct limited discovery into the applicability and/or authenticity of the Plan. The Court further ordered that after that discovery, should the parties not agree that Ms. Orabona's claims are preempted by ERISA, Santander could file a motion for summary judgment on that issue.

3

Having concluded that discovery, the parties do agree that the Plan is subject to ERISA, but they do not agree on preemption.

After the discovery period, the Court also allowed Ms. Orabona to file an Amended Complaint. In that pleading, she claims that Santander failed to follow a prior practice of progressive discipline and is therefore liable under Rhode Island law for a breach of an implied employment contract, breach of the implied covenant of good faith and fair dealing, and wrongful termination. (ECF No. 20.) She also claims fraudulent and negligent misrepresentation for Santander's alleged termination of her to conceal the planned layoff and deprive her of benefits, including severance benefits. *Id.*

Santander has filed a combined Motion for Summary Judgment on the ERISA preemption issue and renewed Motion to Dismiss on the merits. (ECF No. 22.) Pending also is Ms. Orabona's Motion to Strike (ECF No. 29) and Motion to Amend the First Amended Complaint (ECF No. 30). The Court considers each motion in turn.

## II.    DISCUSSION

### A. Motion to Strike

Ms. Orabona moves to strike Santander's Exhibit C, a copy of an email from Santander to her indicating that she had received the Plan. (ECF No. 29.) Ms. Orabona argues that she "has not been able to conduct full discovery on the authenticity" of the email and that Santander has not provided "any meta data that would support the authenticity of such document, along with the ability to access the

attachment links." *Id.* at 2. But the Court finds that Ms. Orabona has had the ability to conduct sufficient discovery on this email—it was provided to her in response to her request for production during the limited discovery period, she took a Rule 30(b)(6) deposition of Santander and, although she inquired about other documents produced, did not about Exhibit C. (ECF No. 35 ¶¶ 3-4, 5.) She also did not seek further information on Exhibit C through other discovery methods. Moreover, regarding the metadata, which it is unclear if Ms. Orabona had previously asked for, Santander has since provided her with that information. *Id.* ¶ 7.

The Court therefore denies the plaintiff's Motion to Strike.

### B. Motion to Dismiss; Motion for Summary Judgment

The Court begins with the threshold issue of ERISA preemption, which Santander brings by way of a Motion for Summary Judgment. (ECF No. 22.) Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

"Congress enacted ERISA to 'protect ... the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements" for such plans and "to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). ERISA provides civil enforcement remedies and "expansive pre-emption provisions" to "provide a uniform regulatory regime" for employee benefit plans. *Id.* Among the state laws that ERISA preempts are those

that amount to "alternative enforcement mechanisms" to the civil enforcement scheme in ERISA § 502(a). *Danca v. Priv. Health Care Sys., Inc.*, 185 F.3d 1, 7 (1st Cir. 1999) (quoting *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins.*, 514 U.S. 645, 658 (1995)).

In addition, ERISA § 514(a)—defensive preemption—is an affirmative defense to state-law causes of action. *Danca*, 185 F.3d at 4. Under that section, "ERISA pre-empts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA." *Rutledge v. Pharm. Care Mgmt. Ass'n*, 592 U.S. 80, 86 (2020) (quoting 29 U.S.C. § 1144(a)). But "not every state law that affects an ERISA plan" is preempted; rather, a state law is preempted when it "relates to an ERISA plan" which is defined by having (a) "a connection with" or (b) "reference to such a plan." *Id.* (quoting *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001)); *see also Pharm. Care Mgmt. Ass'n v. Rowe*, 429 F.3d 294, 301-02 (1st Cir. 2005).

When a plaintiff asserts a claim under state law and the fact finder must refer to the terms of an ERISA plan, the claim is preempted by ERISA. *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 52 (1st Cir. 2000); *Vartanian v. Monsanto Co.,* 14 F.3d 697, 700 (1st Cir. 1994). This is true not only when it is necessary for a finding of liability, but even if reference to the plan is necessary only to calculate damages. *Hampers*, 202 F.3d at 52 ("We have held that ERISA preempts state law causes of action for damages where the damages must be calculated using the terms of an ERISA plan."); *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 794 (1st Cir. 1995).

As to Ms. Orabona's negligent and fraudulent misrepresentation claims, the

First Circuit has specifically held that ERISA preempts those state-law claims when the inquiry of liability or damages is directed to the Plan. *See Otero v. Pharmacia Corp.*, 466 F.3d 13, 20 (1st Cir. 2006); *Carlo*, 49 F.3d at 794 (holding that because the calculation of damages would require reference to the employee severance plan, ERISA preempted the plaintiff's misrepresentation claim). Here, the result should be no different. Ms. Orabona asserts that Santander made false statements to her to conceal the employee benefits, including severance payments, for which she would have been eligible. (ECF No. 20 ¶¶ 66-70; 74-77.) The damages that naturally flow from these claims would be the value of those very benefits, as detailed by the Plan. Because the fact finder's inquiry would be "directed to the plan," the claims of fraudulent and negligent misrepresentation (Counts IV and V) are preempted by ERISA. *See Carlo*, 49 F.3d at 794 (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990)).

That leaves Ms. Orabona's claims of wrongful termination, breach of an implied employment contract, and breach of the implied covenant of good faith and fair dealing (Counts I-III). Whether the damages that she seeks on these claims include the Plan's benefits is less than clear in her First Amended Complaint. But she rectified any lack of clarity in her objection to the instant Motion, stating, "the severance benefits would only be a portion of consequential damages of those claims." (ECF No. 26 at 27.) Thus, for purposes of these claims Ms. Orabona has not disclaimed benefits to which she might be entitled under the Plan and in fact explicitly seeks them as part of her claim.

7

The fact Ms. Orabona asserts that the Plan benefits are only a portion of the claim, however, does not affect the preemption analysis.  In *Carlo*, the First Circuit noted that if the plaintiffs "were successful in their suit, the damages would consist in part" of ERISA plan benefits.  49 F.3d at 794.  Because the damages "were dependent, at least in part, on analysis of a qualified ERISA plan," the claim was be preempted.  *Id.* at 794-95.  Here, too, a calculation of Ms. Orabona's damages would require reference to the Plan, at least in part.  Counts I-III are accordingly preempted under ERISA.

Because Ms. Orabona's claims are preempted under ERISA, the Court need not proceed to Santander's further arguments, including its Motion to Dismiss Ms. Orabona's First Amended Complaint for failure to state a claim upon which relief can be granted.

### C.  Motion to Amend

Ms. Orabona has filed a Motion to Amend her First Amended Complaint to correct a typographical error.  (ECF No. 30.)  The proposed change, to paragraph 63, which currently asserts that Santander did adhere to its policies and procedures when it terminated her, would make clear she alleges Santander *did not* adhere to its policies and procedures.  *Id.* at 1-2.  This allegation would support her wrongful termination claim which is premised on Santander's alleged failure to comply with its past disciplinary practices.  But because the Court has determined that this claim, which seeks damages under the Plan, is preempted by ERISA, these particulars of her theory of liability are irrelevant.  The Court therefore denies the Motion to

8

Amend.

In addition to her Motion to Amend, in her memorandum opposing Santander's Motion to Dismiss/Motion for Summary Judgment, Ms. Orabona makes a general request to amend her First Amended Complaint should "the Court find[] deficiencies in the allegations contained in" that pleading.  (ECF No. 26 at 29.)  Such an approach—to ask for leave to amend contingent upon a court determining a complaint must be dismissed—is disfavored in the First Circuit because it "would impose unnecessary costs and inefficiencies on both the courts and party opponents" and "would dramatically undermine the ordinary rules governing the finality of judicial decisions." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008) (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983)).  Moreover, this is Santander's second dispositive motion.  It filed one in response to the original Complaint, which the Court denied without prejudice to allow the parties limited discovery on the ERISA issue.  After that discovery was completed, the Court granted Ms. Orabona's request to file a First Amended Complaint, on which Santander again moved to dismiss.  Ms. Orabona was "put on notice of the deficiencies in the complaint by the motion to dismiss. If [she] had something relevant to add, [she] should have moved to add it then." *Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 247 (1st Cir. 2015).  Further, Ms. Orabona offers no indication as to what changes or additions a Second Amended Complaint would contain so the Court cannot assess whether such an amendment would be futile. *See id.*

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Orabona's Motion to Strike (ECF No. 29) and Motion to Amend (ECF No. 30) and GRANTS Santander's Motion for Summary Judgment on ERISA preemption (ECF No. 22).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
September 25, 2024